UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABDUL HADI KARAOGLU, as father and natural
guardian of A.K., an infant, and ABDUL HADI
KARAOGLU, individually,

                **COMPLAINT**

           Plaintiff,

                **PLAINTIFF DEMANDS**
      -against-                **A TRIAL BY JURY**


HASBRO, INC., TARGET CORPORATION,
WOWWEE CANADA INC., WOWWEE USA,
INC. and WOWWEE GROUP LIMITED,

           Defendants.
------------------------------------------------------------X

      Plaintiff, as and for his Complaint, alleges that at all relevant times hereinafter mentioned:

1. Plaintiff is a citizen of the Republic of Turkey and resides in Istanbul.

2. Defendant HASBRO, INC. (hereinafter "HASBRO") is a corporation organized and existing under the laws of Rhode Island with its principal place of business in Pawtucket, Rhode Island.

3. Defendant TARGET CORPORATION (hereinafter "TARGET") is a corporation organized and existing under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota.

4. Defendant WOWWEE CANADA INC. (hereinafter "WOWWEE CANADA") is a Canadian corporation with its principal place of business in Montreal, Canada.

5. Defendant WOWWEE USA, INC. (hereinafter "WOWWEE USA") is a California corporation organized and existing under the laws of California with its principal place of business in La Jolla, California.

6. Defendant WOWWEE GROUP LIMITED (hereinafter "WOWWEE GROUP") is a Hong Kong corporation with its principal place of business in Hong Kong, People's Republic of China.

7. The sum in controversy exceeds $75,000 exclusive of interest and costs.

8. By reason of the diversity of citizenship of the parties and the amount in controversy, pursuant to 28 U.S.C. §1332, this court has subject matter jurisdiction of this action.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391.

10. Defendants are regularly engaged in the business of designing, manufacturing, packaging, distribution, and marketing toy products, including Nerf Super Soaker Slingshots.

11. Defendants, their employees and agents, transact business in the State of New York, contract to supply goods and services including Nerf Super Soaker Slingshots in the State of New York, and purposefully directed their marketing activities to New York residents.

12. Defendants transact business in New York by contracting with importers, retailers, distributors, and others located in New York State to sell toy products to New York residents, including Nerf Super Soaker Slingshots.

13. Defendants also transact business by providing written warranties to New York purchasers of their products and toys, including Nerf Super Soaker Slingshots.

14. Defendants expect, and should reasonably have expected, their acts to have consequences in New York State.

15. Prior to July 29, 2023, Defendants HASBRO, WOWWEE CANADA, WOWWEE USA, and WOWWEE GROUP agreed with each other to supply Defendant TARGET CORPORATION with toy products designed, manufactured, packaged, and distributed by Defendants for resale to New York residents and purchasers, including Nerf Super Soaker Slingshots.

2

16. On or about July 29, 2023, A.K. used a Nerf Super Soaker Slingshot, designed, manufactured, packaged, and distributed by Defendants HASBRO, WOWWEE CANADA, WOWWEE USA and WOWWEE GROUP and sold by a TARGET CORPORATION store in Bay Shore, New York to A.K.'s relative.

17. Upon information and belief, Defendants supplied Plaintiff and his son with an Express Warranty with the design, manufacture, packaging, distribution and sale of the Nerf Super Soaker Slingshot that the product would be reasonably fit and safe for its usual and customary use.

18. The infant A.K. used said Nerf Super Soaker Slingshot in the usual and customary manner.

19. On July 29, 2023, at approximately 6:00pm, A.K. was using said Slingshot at a relative's residence in Bay Shore, Suffolk County, New York, when it suddenly and without warning broke apart, and a portion thereof pierced A.K.'s left eye, causing him severe permanent personal injuries.

20. Attached as "Exhibit 1" hereto is a photograph of an exemplar Nerf Super Soaker slingshot.

21. As a result of the aforesaid, A.K. suffered emotional trauma, permanent scarring, and is now blind in his left eye.

22. Said injuries were caused by the Defendants' negligence in designing, manufacturing, packaging, distributing, sale and marketing said Slingshot, which was in a defective condition when it left Defendants' hands.

23. Article 16 of the New York CPLR is not applicable because the Defendants were acting in concert (CPLR §1602[11]).

24. By reason of the aforesaid, Plaintiff was injured in an amount that exceeds $75,000 exclusive of interest and costs.

## AS AND FOR A SECOND CAUSE OF ACTION IN EXPRESS WARRANTY

25. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "24" inclusive of this Complaint as if more fully set forth at length herein.

26. Upon information and belief, Defendants expressly warranted that the Nerf Super Soaker Slingshot they designed, manufactured, and marketed was reasonably safe for usual and customary use.

27. A.K. and his father relied upon the express warranty.

28. Said Slingshot was not reasonably safe for use due to Defendants' negligence in their design, manufacture, packaging, distribution and sale of said Slingshot and thus said Defendants breached their express warranty.

29. By virtue of the aforesaid, A.K. suffered damages as described above.

## AS AND FOR A THIRD CAUSE OF ACTION IN IMPLIED WARRANTY

30. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "29" inclusive of this Complaint as if more fully set forth at length herein.

31. By virtue of the sale of said Nerf Super Soaker Slingshot, Defendants impliedly warranted that the Slingshot was reasonably fit for the ordinary purpose for which it was intended and was being used.

32. Said Slingshot, by virtue of its breaking apart without warning and piercing A.K.'s left eye, was not reasonably fit for the ordinary purpose for which it was intended and was being used.

33. As a result of the aforesaid, Defendants breached their implied warranties.

34. A.K. and his father relied upon the implied warranty.

35. By reason of the aforesaid, Plaintiff suffered injuries as stated above.

## AS AND FOR A FOURTH CAUSE OF ACTION

36. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "35" inclusive of this Complaint as if more fully set forth at length herein.

37. Plaintiff ABDUL HADI KARAOGLU was and is the father of A.K.

38. As a result of the incident alleged herein, Plaintiff ABDUL HADI KARAOGLU lost the services, society, care, comfort, and consortium of his son A.K. and was required and will continue to be required to expend monies for his care.

39. As a result of the aforesaid, Plaintiff demands damages in a sum in excess of $75,000.

**WHEREFORE**, Plaintiff demands damages against the Defendants in a sum in excess of $75,000 plus interest from July 29, 2023.

Dated: New York, New York
November 5, 2025

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff
700 Broadway
New York, NY 10003
Tel#: (212) 558-5525
Fax#: (212) 344-5461

By:    /s/Jared Lacertosa
Jared Lacertosa
Email:  jlacertosa@weitzlux.com

# EXHIBIT 1

